## TRANSPORTATION

**VEHICLE LAWS – FOREIGN VEHICLES – WHETHER SIDE-BY-SIDE UTILITY VEHICLES MAY BE DRIVEN ON MARYLAND ROADS – WHETHER RESIDENTS OF WEST VIRGINIA MAY DRIVE SUCH VEHICLES INTO MARYLAND**

December 30, 2024

*The Honorable Mike McKay*
*Maryland Senate*

You have asked for our opinion on whether a side-by-side utility vehicle, a popular type of recreational vehicle designed for off-road use, is allowed on Maryland roads.  You indicate that Maryland and West Virginia might impose different rules for these vehicles, which has caused "confusion" among "people from West Virginia and Maryland" about whether side-by-side utility vehicles are allowed on Maryland's roadways.  Letter from Sen. Mike McKay to Attorney General Anthony G. Brown, at 1 (Sept. 25, 2024) ("Opinion Request").  You thus ask for our opinion on whether Maryland or local laws authorize these vehicles for road use.  You have also inquired about the interplay between the laws in Maryland and in West Virginia, which apparently allows side-by-side utility vehicles on roads in that state.  You thus ask whether West Virginia residents who have complied with their state's requirements for road use of side-by-side utility vehicles are entitled to drive these vehicles on Maryland roads, even if "Maryland residents[] are not permitted to do so." *Id.*

As we explain below, it is our opinion that State law generally does not authorize the use of side-by-side utility vehicles on Maryland roads.  But lawmakers in Allegany and Garrett Counties, under a grant of authority from the General Assembly, have enacted local laws that sometimes, under certain limited conditions, permit these vehicles on roads in those counties.  Although West Virginia more broadly authorizes road use of side-by-side utility vehicles in that state, West Virginia residents who bring those vehicles into Maryland are subject to the same limitations as Maryland operators of side-by-side utility vehicles—that is, they are allowed to drive these vehicles only on designated county roads in Allegany and Garrett Counties, subject to the same conditions imposed on Maryland residents.

# I
# Background

Side-by-side utility vehicles are motorized vehicles designed for off-road use that go by a variety of names, including side-by-sides, utility terrain vehicles, utility task vehicles, UTVs, or recreational off-highway vehicles ("ROVs").[1]  We use the term "side-by-side utility vehicle," which appears in the Maryland Code. *See* Md. Code Ann., Transp. ("TR") § 11-140.1(a)(2)(iv).

Side-by-side utility vehicles have four or more wheels, bucket seats or bench seating, and a steering wheel.[2]  As their name suggests, side-by-side utility vehicles typically feature two seats situated next to one another, though different models may accommodate between one and six people.  Megan Randall, *Behind the Wheel: What Is a Side-by-Side?*, SuperATV.com (Feb. 28, 2024), https://www.superatv.com/offroad-atlas/what-is-a-side-by-side.  Most side-by-side utility vehicles have headlights, brake lights, turn signals, and seat belts,[3] and some also have power steering, heated cabs, doors, windshields, and power windows.[4]  Some side-by-side utility vehicles can reach speeds of 90 miles per hour.  Katie Clontz, *Police Chief Asks for Utility Terrain Vehicle Clarification*, Courier-Times (New Castle, Ind.), Sept. 6, 2023.

---

[1] *See, e.g.*, Megan Randall, *Behind the Wheel: What Is a Side-by-Side?*, SuperATV.com (Feb. 28, 2024), https://www.superatv.com/offroad-atlas/what-is-a-side-by-side;  Recreational Off-Highway Vehicle Association, *What is an ROV?*, https://rohva.org/what-is-an-rov/ (last visited Dec. 20, 2024); U.S. Consumer Product Safety Comm'n, *Recreational Off-Highway Vehicles* (May 4, 2011), https://www.cpsc.gov/Regulations-Laws--Standards/Voluntary-Standards/Recreational-Off-Highway-Vehicles;  Bobcat, *Utility Vehicles (UTVs): What Is a UTV?*, https://www.bobcat.com/na/en/equipment/utility-vehicles (last visited Dec. 20, 2024).  Other names for these vehicles include off-road vehicles, multipurpose off-highway utility vehicles, buggies, and dune buggies.  Randall, *supra*.

[2] Randall, *supra* note 1; U.S. Consumer Product Safety Comm'n, *supra* note 1.

[3] Katie Clontz, *Police Chief Asks for Utility Terrain Vehicle Clarification*, Courier-Times (New Castle, Ind.), Sept. 6, 2023.

[4] Deirdre Fleming, *Battle Brewing as Side-by-Sides Divide All-Terrain Fans*, Portland Press Herald, May 29, 2018; Megan Randall, *Behind The Wheel: ATV vs. UTV—Which Off-Road Vehicle Is Right for You?*, SuperATV.com (Apr. 22, 2020), https://www.superatv.com/offroad-atlas/atvs-vs-utvs-which-vehicle-is-right-for-you.

Side-by-side utility vehicles have been around for decades. Charles J. Plueddeman, *Double-Duty ATVs*, Outdoor Life (Aug. 1, 2006), https://www.outdoorlife.com/double-duty-atvs/. Originally used on industrial sites, golf courses, farms, and in forestry work, *id.*, side-by-side utility vehicles "have exploded in popularity in recent years,"[5] and are now more commonly used for recreation, Deirdre Fleming, *Battle Brewing as Side-by-Sides Divide All-Terrain Fans*, Portland Press Herald, May 29, 2018 (noting that, between 2012 and 2018, sales of side-by-side utility vehicles grew between 6 percent and 8 percent annually).

You report that in the Town of Hancock, in Washington County near the West Virginia border, police "are encountering a problem with [s]ide-by-[s]ide vehicles." Opinion Request at 1. Because Maryland and West Virginia appear to impose different rules for these vehicles, police have reported some public confusion about whether these vehicles are allowed on Maryland roads. *Id.* The Hancock police have taken the position that side-by-side utility vehicles are not allowed on roads in the Town. *Id.*

## II
## Analysis

You have asked for our opinion on whether side-by-side utility vehicles "are permitted for road use in Maryland." *Id.* More specifically, you have asked whether State or local laws permit their use on Maryland roads. You have also asked about the interplay between the laws of Maryland and West Virginia, which apparently has approved road use of side-by-side utility vehicles under certain conditions. You thus ask whether West Virginia residents who have complied with their state's requirements are entitled to drive their side-by-side utility vehicles on Maryland roads, even if "Maryland residents[] are not permitted to do so." *Id.*

### A.   *Maryland Vehicle Law*

We begin with the Maryland Vehicle Law,[6] which, among other things, regulates the use of vehicles on Maryland's roads. *See* 78 *Opinions of the Attorney General* 263, 264 (1993); 88 *Opinions of the Attorney General* 139, 142 (2003). This comprehensive

---

[5] Frank Lesnefsky, *Experts: Safety Measures, Training Key for Off-Road Riding*, Times-Tribune (Scranton, Pa.), Apr. 13, 2022.

[6] The Maryland Vehicle Law appears in titles 11 through 27 of the Transportation Article. *See* TR § 11-206.

statutory scheme sets forth statewide standards, *see* TR § 25-101.1(a), but authorizes local authorities, in limited circumstances, to enact laws "as to highways under [their] jurisdiction," TR § 25-102(a).

When construing a statute such as the Maryland Vehicle Law, "our goal is to ascertain and effectuate the actual intent of the Legislature." *Johnson v. Maryland Dep't of Health*, 470 Md. 648, 674 (2020) (citing *Lockshin v. Semsker*, 412 Md. 257, 274 (2010)). We start with the plain language of the statute, *id.*, reading the words "in light of the full context in which they appear, and in light of external manifestations of intent or general purpose available through other evidence," *Dickerson v. State*, 324 Md. 163, 170-71 (1991) (quoting *Cunningham v. State*, 318 Md. 182, 185 (1989)).

To answer your questions, we look first to the statewide provisions of the Maryland Vehicle Law to see if they authorize the use of side-by-side utility vehicles on Maryland's roads.

### 1. *Plain Language of the Statewide Provisions*

The Maryland Vehicle Law governs the use of vehicles on "highways," which are broadly defined to encompass "[t]he entire width between the boundary lines of any way or thoroughfare of which any part is used by the public for vehicular travel," including those "owned, leased, or controlled by the United States government and located in the State." TR § 11-127. The law generally defines "vehicle" to mean "any device in, on, or by which any individual or property is or might be transported or towed on a highway." TR § 11-176(a)(1).[7] This includes a side-by-side utility vehicle, even though it is designed for off-highway use. Indeed, the Maryland Vehicle Law expressly defines "vehicle" to

---

[7] The law expressly excludes "electric personal assistive mobility devices" and "personal delivery devices" from the definition of "vehicle," TR § 11-176(b), but neither of these are side-by-side utility vehicles, *see* TR § 21-101(j) ("'Electric personal assistive mobility device' or 'EPAMD' means a pedestrian device that: (1) [h]as two nontandem wheels; (2) [i]s self-balancing; (3) [i]s powered by an electric propulsion system; (4) [h]as a maximum speed capability of 15 miles per hour; and (5) [i]s designed to transport one person."); TR § 21-104.3(a)(2) ("'Personal delivery device' means a powered device that: (i) [i]s operated primarily on shoulders, sidewalks, and crosswalks; (ii) [i]s intended for the transport of property on public rights-of-way; (iii) [w]eighs not more than 550 pounds, excluding cargo; and (iv) [i]s capable of navigating with or without the active control or monitoring of an individual."). Thus, these exceptions are not relevant to our analysis.

encompass an "off-highway recreational vehicle," TR § 11-176(a)(2), which, in turn, is specifically defined to include a side-by-side utility vehicle:

> [a] motor-assisted or motor-driven vehicle that:
>
> (i) [t]ravels on four or more tires;
>
> (ii) [i]s intended for use by one or more persons;
>
> (iii) [h]as the following features:
>
> > 1. [a] steering wheel for steering control;
> >
> > 2. [a] roll-over protective structure;
> >
> > 3. [a]n occupant retention system;
> >
> > 4. [n]onstraddle seating;
> >
> > 5. [a] maximum speed capability exceeding 30 miles per hour;
> >
> > 6. [a]n overall width of less than 80 inches, exclusive of accessories; and
> >
> > 7. [a]n engine displacement of less than 1,000 cubic centimeters; and
>
> (iv) [i]s commonly known as a side-by-side utility vehicle[.]

TR § 11-140.1(a)(2).

Side-by-side utility vehicles also fall within the definition of "all-terrain vehicle" ("ATV") found in § 11-103.3 of the Maryland Vehicle Law. That provision defines ATV to mean a motor vehicle that:

> (1) (i) [i]s designed for off-highway use;
>
> (ii) [o]perates on at least three low-pressure tires;
>
> (iii) [h]as a seat or saddle designed to be straddled by the operator;
>
> (iv) [h]as handlebars for steering;
>
> (v) [i]s intended by the manufacturer to be operated by a single operator; and

(vi) [m]ay be designed to carry one passenger; or

*(2) (i) [i]s designed for off-highway use;*

*(ii) [o]perates on four or more low-pressure tires;*

*(iii) [h]as a bench or bucket-style seating; and*

*(iv) [h]as a steering wheel for steering.*

TR § 11-103.3 (emphasis added). The second part of this definition describes a side-by-side utility vehicle. We thus keep in mind both definitions—the type of ATV described in § 11-103.3(2) of the Transportation Article, and the type of off-highway recreational vehicle described in § 11-140.1(a)(2)—when reading the Maryland Vehicle Law.

Under the Vehicle Law, certain types of vehicles must be registered to operate lawfully on highways. Registration generally entails an application to the Motor Vehicle Administration, TR § 13-403(a)(1), to obtain a registration card (which the driver must carry when operating the vehicle), TR §§ 13-408, 13-409, and registration plates[8] (which must be affixed to the vehicle), TR §§ 13-410, 13-411.[9]

Among those vehicles that must be registered to operate lawfully on highways are motor vehicles. *See* TR § 13-402(a)(1) ("[E]ach motor vehicle . . . driven on a highway shall be registered . . . .");[10] *see also* TR § 13-401(a), (b)(1) ("If a vehicle [that is required to be registered] is not registered, a person may not drive the vehicle on a highway in this State."). A motor vehicle is defined to include "a vehicle that . . . [i]s self-propelled" and "[i]s not operated on rails." TR § 11-135(a)(1). "Motor vehicle," then, encompasses a side-by-side utility vehicle, regardless of whether we define the latter by reference to § 11-140.1(a)(2) of the

---

[8] Most vehicles must display two registration plates each, though motorcycles, tractors, trailers, historic vehicles, and street rods require only one registration plate each. TR § 13-410(a)(1).

[9] As we shall discuss in more detail below, *see* Part II.C *infra*, a nonresident generally may drive "a foreign vehicle" in Maryland without registering that vehicle in this State so long as the vehicle is registered in the owner's state of residence. TR § 13-402.1(a).

[10] The law provides several exceptions—for example, for farm tractors and a vehicle being towed, *see* TR § 13-402(c)—but none are relevant to our analysis.

Transportation Article (classifying "a motor-assisted or motor-driven vehicle . . . commonly known as a side-by-side utility vehicle" as a type of "off-highway recreational vehicle") or § 11-103.3(2) (defining ATV to include "a motor vehicle that . . . [i]s designed for off-highway use," "[o]perates on four or more low-pressure tires," "[h]as a bench or bucket-style seating," and "[h]as a steering wheel for steering"). Thus, under the statewide provisions of the Maryland Vehicle Law, a person may not drive a side-by-side utility vehicle on a highway unless the vehicle is registered.

The State's registration scheme, however, does not allow for the registration of side-by-side utility vehicles. The Maryland Vehicle Law establishes sixteen classes of vehicles for registration, none of which, on their face, encompass side-by-side utility vehicles. The classifications are:

> (1) Class A vehicles (passenger cars), TR §§ 11-144.2, 13-912;
>
> (2) Class B vehicles (vehicles for hire), TR § 13-913;
>
> (3) Class C vehicles (ambulances and funeral cars), TR § 13-914;
>
> (4) Class D vehicles (motorcycles), TR § 13-915;
>
> (5) Class E vehicles (trucks, light trucks, truck-trailer combinations, dump trucks, tow trucks, and farm trucks), TR §§ 13-916 through 13-921;
>
> (6) Class F vehicles (truck tractors and tractors), TR §§ 13-923, 13-924;
>
> (7) Class G vehicles (trailers, semitrailers, and farm trailers), TR §§ 13-927 through 13-930;
>
> (8) Class H vehicles (school vehicles), TR § 13-932;
>
> (9) Class P vehicles (passenger buses), TR § 13-933;
>
> (10) Class J vehicles (vanpool vehicles), TR § 13-934;
>
> (11) Class K vehicles (farm area motor vehicles and island vehicles), TR § 13-935;

(12) Class L vehicles (historic motor vehicles), TR § 13-396;

(13) Class M vehicles (multipurpose passenger vehicles, which are defined as motor vehicles "designed primarily for carrying persons and which [are] constructed on . . . truck chassis or with special features for occasional off-road operations," have three wheels, or are of "unique design[s] that do[] not clearly meet the requirements of any other class, as determined by" the Motor Vehicle Administrator), TR §§ 11-136.2, 13-937;

(14) Class N vehicles (street rods), TR § 13-937.1;

(15) Class Q vehicles (limousines), TR § 13-939; and

(16) Class R vehicles (low speed vehicles, which are four-wheeled motor vehicles that have a maximum speed capability that exceeds 20 miles per hours but is less than 25 miles per hour), TR §§ 11-130.1, 13-939.2.

We see only one classification—Class K—which might encompass side-by-side utility vehicles, but only those used in farming. Class K includes "farm area motor vehicles," which is defined broadly to mean any motor vehicle "owned by a farmer and operated only on a farm or on a highway within a 25-mile radius of the farm." TR § 13-935(a)(2). This could include a side-by-side utility vehicle—if the vehicle is owned by a farmer and operated in the manner described.[11] Side-by-side utility vehicles used strictly for recreation or other purposes, however, do not appear to be eligible for registration.

As to side-by-side utility vehicles that do *not* qualify as farm area motor vehicles, the General Assembly has implicitly made clear, through its registration scheme, that they are generally not to be driven on highways. Lawmakers have done so by defining sixteen classes of vehicles that may be registered and omitting from these classes those side-by-side utility vehicles that are not farm area motor vehicles. *See, e.g.*, *Comptroller of the Treasury v.*

---

[11] To register a farm area motor vehicle, the owner must provide a copy of a federal tax form "showing active farming status." TR § 13-935(f).

*Blanton*, 390 Md. 528, 537 (2006) ("Maryland has long accepted the doctrine of *expressio (or inclusio) unius est exclusio alterius*, or the expression of one thing is the exclusion of another."). Moreover, in § 13-401 of the Transportation Article, the Legislature has explicitly recognized that off-highway recreational vehicles—which include side-by-side utility vehicles, *see* TR § 11-140.1(a)(2)—are generally not permitted on highways. *See* TR § 13-401(b) (providing generally that, "[i]f a vehicle [that is required to be registered] is not registered, a person may not drive the vehicle on a highway," and providing specifically that, "[i]f a person is convicted of a violation . . . that involved the use of an off-highway recreational vehicle on a highway, the court shall notify the [Motor Vehicle] Administration of the violation"). Because a person may not register a side-by-side utility vehicle (that is not a farm area motor vehicle), a person may not lawfully drive such a vehicle on a Maryland highway—at least not under the plain language of the statewide provisions of the Maryland Vehicle Law.

> 2.  *Legislative History of the Statewide Provisions Governing Off-Highway Recreational Vehicles*

We find further support for this conclusion in the legislative history of the Maryland Vehicle Law—more specifically, in the history of those provisions governing off-highway recreational vehicles.

In 2008, the General Assembly created a task force to "identify and study major issues related to ATV safety." 2008 Md. Laws, chs. 14, 487. By 2008, ATVs had been marketed in the United States for nearly four decades, but State officials were seeing a growing number of injuries associated with these vehicles. Maryland Inst. for Emergency Med. Servs. Sys., *Report on Off-Road Vehicle Incidents Including All-Terrain Vehicles in the State of Maryland* 5, 24 (2007). In response, the task force on ATVs recommended that lawmakers require the owners of these vehicles to obtain certificates of title. All-Terrain Vehicle Safety Task Force, Interim and Final Reports 4 (2008); All-Terrain Safety Task Force, Minutes of Nov. 3, 2008, Meeting, at 10 ("Meeting Minutes"). Doing so would allow the State to more effectively track the owners of ATVs, Meeting Minutes at 10, and some State officials hoped that titling would "provide a focal point for dissemination of safety materials to ATV owners," Maryland Inst. for Emergency Med. Servs. Sys., *Report on Off-Road Vehicle Incidents Including All-Terrain Vehicles in the State of Maryland* 24 (2007).

In 2010, the General Assembly followed the task force's recommendation. Lawmakers approved Senate Bill 466, adding to the Maryland Vehicle Law the definition of "off-highway recreational vehicle," which initially encompassed only snowmobiles, dirt bikes, and the type of ATVs with "seat[s] or saddle[s] designed to be straddled," 2010 Md. Laws, ch. 304 —i.e., not side-by-side utility vehicles, which have bench or bucket seating. That bill also amended the statute's definition of "vehicle" to include "off-highway recreational vehicle." *Id.* The effect of this legislation was to require owners of ATVs to obtain certificates of title. *See* Revised Fiscal & Policy Note, S.B. 466, 2010 Leg., Reg. Sess. at 1; Floor Report, Senate Jud. Proc. Comm., S.B. 466, 2010 Leg., Reg. Sess. at 1. That is because the Maryland Vehicle Law includes a default rule requiring all vehicles to be titled with the State. *See* TR § 13-101.1 (providing generally that "the owner of each vehicle . . . shall apply . . . for a certificate of title of the vehicle").[12]

Nothing in the plain language or the history of Senate Bill 466, however, indicates that lawmakers intended to require (or even allow) ATVs or other off-highway recreational vehicles to be *registered* (and, thus, to be driven on highways). As the Maryland Supreme Court has recognized, "[t]here is a meaningful difference between titling and registration." *Williams v. State*, 385 Md. 50, 56 n.5 (2005). Titling indicates ownership of a vehicle, *Huettner v. Savings Bank of Baltimore*, 242 Md. 477, 481 (1966), whereas registration "enables the owner (or operator) to legally drive the vehicle on public roads," Motor Vehicle Admin., *Registration Common Vehicle*, https://mva.maryland.gov/about-mva/Pages/info/27300/27300-27T.aspx (last visited Dec. 20, 2024).

We assume "that the General Assembly was cognizant of the existing law and legislated with the existing law in mind." *Harry Berenter, Inc. v. Berman*, 258 Md. 290, 298 (1970). By 2010, the Maryland Vehicle Law defined "motor vehicle" as it does today—i.e., a vehicle "self-propelled or propelled by electric power obtained from overhead electrical wires" that "[i]s not operated on rails." Md. Code Ann., Transp. § 11-135(a) (2009 Repl. Vol.). The law also required (as it does today) that motor vehicles be registered in order to be "driven on a highway." Md. Code Ann., Transp. § 13-402(a) (2009 Repl. Vol.). But while Senate Bill 466 defined ATVs as "motor-assisted or motor-driven vehicle[s],"

---

[12] A separate provision of the Maryland Vehicle Law—TR § 13-102—sets out various exceptions to this titling requirement, but none are relevant here.

2010 Md. Laws, ch. 304, and, thus, motor vehicles, the legislation did not provide a way for ATVs (or other off-highway recreational vehicles) to be registered. This indicates that the Legislature did not intend to allow ATVs and other off-road recreational vehicles to be driven on highways—at least not under the statewide provisions of the Maryland Vehicle Law.

Then, in 2017, lawmakers adopted House Bill 1150, which expanded the list of vehicles subject to titling by amending the definition of "off-highway recreational vehicle" to include a side-by-side utility vehicle. *See* 2017 Md. Laws, ch. 757 (adding the language that appears in TR § 11-140.1(a)(2)). House Bill 1150 also reduced, from $100 to $35, the titling fee for off-highway recreational vehicles. *Id.*

The sponsor of House Bill 1150 viewed side-by-side utility vehicles as "the modern design of ATVs"[13] and said that his legislation was "a fee reduction bill" primarily intended to help Maryland motorcycle dealers who sold dirt bikes and ATVs. *Bill Hearing on H.B. 1150 Before the House Env't and Transp. Comm.*, 2017 Leg., Reg. Sess., 22:23-23:09, 23:30-23:45 (Mar. 3, 2017) (statement of Del. McMillan). At that time, Maryland dealers were required to charge buyers of those vehicles the same titling fees assessed for cars and trucks, while dealers in neighboring states charged lower titling fees for off-road vehicles. *Id.* By including side-by-side utility vehicles in the definition of "off-highway recreational vehicle," House Bill 1150 required side-by-side utility vehicles to be titled, but at the new, reduced cost. As with the 2010 legislation, however, nothing in House Bill 1150 or its history indicates that lawmakers intended to allow or require side-by-side utility vehicles to be *registered*, or to allow such vehicles to be driven on highways.

Indeed, the legislative history of another statutory provision—TR § 13-401(b)(2)—indicates that the Legislature has long understood that off-highway recreational vehicles are not permitted on highways. As noted above, § 13-401(b)(2) addresses the unlawful use of an unregistered vehicle on a highway and specifically provides that, "[i]f a person is convicted of a violation . . . that involved the use of an off-highway recreational vehicle on a highway, the court shall notify the [Motor Vehicle] Administration of the violation." The General Assembly adopted this language in 2013, along with a provision requiring the

_____

[13] In a separate bill (Senate Bill 979) the General Assembly added the definition of ATV that appears in § 11-103.3, which, as noted above, encompasses side-by-side utility vehicles. 2017 Md. Laws, ch. 694.

Administration to temporarily suspend violators' drivers' licenses. 2013 Md. Laws, ch. 641.[14] The bill sponsor said that he introduced the legislation because "kids . . . and young adults [were] riding dirt bikes on the same streets and highways as *lawful vehicles*." *Bill Hearing on H.B. 801 Before the House Env't Matters Comm.*, 2013 Leg., Reg. Sess., 35:06-35:17 (Feb. 26, 2013) (statement of Del. Tarrant) (emphasis added). Legislators thus distinguished dirt bikes and other off-highway recreational vehicles from the types of vehicles that are allowed to be driven on highways.

### 3. Regulations on Off-Highway Recreational Vehicles

The Department of Transportation's regulations on vehicle registration provide even more support for our interpretation that side-by-side vehicles generally may not be driven on highways. The Department has devoted an entire chapter of these regulations to "clarify[ing] requirements for mopeds, motor scooters, and off-highway recreational vehicles," COMAR 11.15.35.01, which include side-by-side utility vehicles, *see* TR § 11-140.1(a)(2). Notably, the regulations recognize that a moped or motor scooter may be used on public highways, so long as the vehicle displays a title decal. COMAR 11.15.35.03B.[15] But although owners of off-highway recreational vehicles may also obtain title decals, the provision regulating these vehicles makes no mention of their use on highways. COMAR 11.15.35.04. Nor do the regulations mention the possibility of registering off-highway recreational vehicles. *Compare* COMAR 11.15.35.04 (making no mention of registering off-highway recreational vehicles), *with* COMAR 11.15.03.02 (stating that a motor home shall display a registration plate). This lends further support to our view that these vehicles—

---

[14] If the violator is a juvenile who does not have a driver's license, the law specifies that the suspension shall commence:

> (i) [i]f the child is at least 16 years old on the date of the disposition, on the date of the disposition; or

> (ii) [i]f the child is younger than 16 years of age on the date of the disposition, on the date the child reaches the child's 16th birthday.

2013 Md. Laws, ch. 641 (amending TR § 16-206).

[15] Because the definition of "motor vehicle" expressly excludes mopeds and motor scooters, *see* TR § 11-135(b)(1), (2), these vehicles are not subject to TR § 13-402(a)(1), which requires "each *motor* vehicle . . . driven on a highway [to] be registered . . . ." Individuals operating mopeds or motor scooters on highways, however, must have a driver's license or moped operator's permit. TR § 16-101(b).

which include side-by-side utility vehicles—may not be driven lawfully on highways under the statewide provisions of the Maryland Vehicle Law.

### 4. *Summary*

In sum, we read the plain language of the Maryland Vehicle Law's statewide provisions to require a motor vehicle, including a side-by-side utility vehicle, to be registered in order to be driven on a highway. But the State's registration scheme does not allow for the registration of side-by-side utility vehicles (other than those that qualify as farm area motor vehicles). The legislative history of the provisions governing off-highway recreational vehicles, which include side-by-side utility vehicles, indicates that lawmakers intended for these vehicles to be subject to titling requirements. But nothing in the history indicates that lawmakers intended to allow these vehicles to be registered or driven on highways. The Department of Transportation's regulations on vehicle registration support this understanding, as the provisions governing off-highway recreational vehicles mention titling but nothing about registration. It is our conclusion, then, that the Maryland Vehicle Law's statewide provisions do not allow for side-by-side utility vehicles to be driven on highways.

## B. County Laws

As noted above, however, the Maryland Vehicle Law authorizes local jurisdictions, "in the reasonable exercise of [their] police power," to regulate certain aspects of traffic on "highways under [their] jurisdiction." TR § 25-102(a).

Relevant here is § 25-102(a)(14) of the Transportation Article, which empowers Allegany and Garrett Counties to regulate the operation of "all-terrain vehicles." Specifically, the law permits these counties to enact local laws:

> 1. [a]uthorizing a person to:
>
>> A. [c]ross a highway on an all-terrain vehicle or a snowmobile at a right angle at a speed of not more than 25 miles per hour; or
>>
>> B. [o]perate an all-terrain vehicle or a snowmobile on not more than 5 miles of highway at a speed of not more than 25 miles per hour; and

> 2. [d]esignating a certain portion of highways upon which all-terrain vehicles and snowmobiles may travel at a speed of not more than 25 miles per hour for the sole purpose of gaining access to:
>
> > A. [t]rails on which the operation of an all-terrain vehicle or a snowmobile is authorized;
> >
> > B. [f]ields; or
> >
> > C. [a]nother area where the operation of an all-terrain vehicle or a snowmobile is authorized[.]

TR § 25-102(a)(14)(iii).

An "all-terrain vehicle," meanwhile, is defined in the Maryland Vehicle Law to include a side-by-side utility vehicle. That is, the statute defines ATV to mean, among other things, "a motor vehicle that" is "designed for off-highway use; [o]perates on four or more low-pressure tires; [h]as a bench or bucket-style seating; and [h]as a steering wheel for steering." TR § 11-103.3.

Reading these provisions together, it becomes clear that the Maryland Vehicle Law authorizes Alleghany and Garrett Counties to enact laws allowing side-by-side utility vehicles on highways in those counties under certain conditions. TR § 25-102(a)(14)(iii). We turn, then, to the laws of Allegany and Garrett Counties. Although it is ordinarily not our role to *interpret* county laws, *see, e.g.*, 89 *Opinions of the Attorney General* 76, 79 n.4 (2004), we summarize their plain terms below in the interest of completeness.

First, the Allegany County code of ordinances authorizes a person to "operate an all-terrain vehicle to cross a highway at a right angle at a speed of not more than 25 miles per hour," and to:

> operate an all-terrain vehicle . . . on not more than two miles of a public road designated by the County at a speed of not more than 25 miles per hour for the sole purpose of gaining access to trails on which the operation of an all-terrain vehicle is authorized, or to a field, or to another area where the operation of an all-terrain vehicle is authorized.

Allegany County Code of Ordinances § 520-9(A), (B). "All-terrain vehicles must travel single-file on the right-hand shoulder of the extreme right-hand side of the roadway, and left-hand turns may be made from any part of the road if it is safe to do so under the prevailing conditions." *Id.* § 520-9(C)(12). These provisions apply only to "public roads in the Allegany County road inventory exclusive of municipal roads and state highways," *id.* § 520-8 (defining "public roads"), and only to "all-terrain vehicles as defined by the Transportation Article of the Annotated Code of Maryland," *id.* § 520-9(C)(4). Because that definition encompasses side-by-side utility vehicles, in Allegany County, a person apparently may drive such a vehicle on a county highway under the conditions set forth in the county's ordinance.

Similarly, the Garrett County code of ordinances authorizes a person "to cross a highway on an off-road vehicle at a right angle at a speed of not more than 25 miles per hour" and to:

> operate an all-terrain vehicle . . . on not more than 5 miles of a highway designated by the Board [of County Commissioners] . . . at a speed of not more 25 miles per hour for the sole purpose of gaining access to trails on which the operation of an off-road vehicle is authorized, or to a field, or to another area where the operation of an off-road vehicle is authorized[.]

Garrett County Code of Ordinances § 70.10(A). As in Allegany County, an "[o]ff-road vehicle must travel single file on the right-hand shoulder or the extreme right-hand side of a road and left-hand turns may be made from any part of the road if it is safe to do so under the prevailing conditions." *Id.* § 70.10(J). The Garrett County code adopts the Maryland Vehicle Law's definition of "all-terrain vehicle,"[16] and allows those types of vehicles on "the Garrett County Roadway Inventory," "excluding municipal roads and state highways." *Id.* § 70.10(C). Thus, side-by-side utility vehicles may apparently be driven on county roads in Garrett County under the conditions set forth in the county's ordinance.

---

[16] *See* Garrett County Code of Ordinances § 70.10(A) (providing that the county law applies to "all-terrain vehicle[s], snowmobile[s]," and "off-the-road motorcycle[s] (collectively 'off-road vehicles')"), *and id.* (C) (providing that "only off-road vehicles, as defined by [the] Transportation Article of the Annotated Code of Maryland," are allowed on county roads).

To summarize, the Maryland Vehicle Law's statewide provisions require motor vehicles, such as side-by-side utility vehicles, to be registered in order to be driven on highways. The State registration scheme, however, does not allow for the registration of side-by-side utility vehicles (except for those that qualify as farm area motor vehicles). Side-by-side utility vehicles that are used strictly for recreation, then, may not be driven on Maryland highways under the statewide provisions of the Maryland Vehicle Law. But that law allows Allegany and Garrett Counties to adopt their own laws regulating the use of side-by-side utility vehicles on county highways. Both counties have done so and, thus, side-by-side utility vehicles apparently may be driven on designated county roads in Allegany and Garrett Counties at a speed no greater than 25 miles per hour, for a distance of up to two miles (in Allegany County) or five miles (in Garrett County), for the sole purpose of accessing off-road trails or properties designed for use by off-road vehicles.

## C. West Virginia Law

Having concluded that Maryland and local laws allow side-by-side utility vehicles to be lawfully driven on designated highways in Allegany and Garrett Counties under limited circumstances, we turn to your next question: May West Virginia residents drive their side-by-side utility vehicles on Maryland highways?

It is your understanding that "West Virginia has approved road use" of these vehicles "so long as they are titled, properly registered, display[] a registration plate and are properly insured." Opinion Request at 1. You point out that a provision of the Maryland Vehicle Law provides that "[a] nonresident may drive . . . a foreign vehicle in this State, without registering the vehicle in this State," if the vehicle is registered in the owner's home state and the operator carries a current registration card. TR § 13-402.1(a). As we understand it, then, you are asking whether West Virgina residents who comply with that state's requirements for road use of side-by-side utility vehicles may drive those vehicles on any Maryland highway, or whether they are limited, as are Maryland residents, to driving side-by-side utility vehicles only on designated highways in Allegany and Garrett Counties, for limited distances and at no greater than 25 miles per hour. You describe ongoing "confusion from people from West Virginia and Maryland" because West Virginia residents "are being told by some police agencies that [side-by-side utility vehicles] are legal and being told by others that they are not." Opinion Request at 1.

Maryland residents, meanwhile, "are wondering how West Virginia residents can come into the State of Maryland and operate [side-by-side utility vehicles] on . . . Maryland roadways when they, as Maryland residents, are not permitted to do so." *Id.*

We look first to West Virginia law. Like the Maryland Vehicle Law, West Virginia law requires motor vehicles to be registered to be "driven or moved upon a highway." W. Va. Code Ann. § 17A-3-2(a).[17] With some exceptions, West Virginia law allows an individual to "operate a 'street-legal special purpose vehicle' on a street or highway." *Id.* § 17A-13-1(a). A "special purpose vehicle" includes a "utility terrain vehicle," *id.* § 17A-13-1(b)(1), which is defined to mean "any motor vehicle with four or more low-pressure or nonhighway tires designed for off-highway use and is greater than 50 inches in width," excluding "mini trucks, golf carts, riding lawnmowers, or tractors," *Id.* § 17A-1-1(vv). This definition is consistent with our understanding of side-by-side utility vehicles. A special-purpose vehicle is "street legal" if it has insurance and is equipped with certain safety features, such as headlamps and a horn. *Id.* § 17A-13-1(b)(2), (j). "A street-legal special purpose vehicle may be registered in the same manner as provided for motorcycles[.]" *Id.* § 17A-13-1(g). Thus, as we read the West Virginia laws, a person may drive a side-by-side utility vehicle on highways in that state if the vehicle is properly insured and registered.[18]

We return to the Maryland Vehicle Law. As noted above, that law generally requires a motor vehicle to be registered to be driven on highways. TR § 13-402(a). But, as you point out, § 13-402.1 of the Transportation Article also allows "[a] nonresident [to] drive . . . a foreign vehicle in this State, without registering the vehicle in

---

[17] Also like the Maryland Vehicle Law, West Virginia law defines "street" and "highway" to mean "the entire width between boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." W. Va. Code Ann. § 17A-1-1(ff).

[18] The law does, however, impose some limits on which highways are open to these vehicles. "Street-legal special purpose vehicles are prohibited from traveling a distance greater than 20 miles on a highway displaying centerline pavement markings." W. Va. Code Ann. § 17A-13-1(d). The law also prohibits these vehicles from interstates and other highways that are "controlled access systems." *Id.* § 17A-13-1(c)(1). And the law allows counties, municipalities, and the state's Division of Natural Resources to prohibit, on highways within their control, the use of street-legal special purpose vehicles. *Id.* § 17A-13-1(c)(2).

this State," if the nonresident can show that the vehicle is registered in their home state.[19] You suggest that this provision, "the way the law is written," might "permit non-residents to operate [side-by-side utility vehicles] on Maryland roadways." Opinion Request at 1. You thus ask whether it would violate Maryland law if "West Virginia [side-by-side utility vehicles] are not permitted" on Maryland roads when "they are properly registered in their home [s]tate." *Id.*

In our view, § 13-402.1 of the Transportation Article does not apply to side-by-side utility vehicles. The exemption applies only to "a foreign vehicle," TR § 13-402.1(a), which the Maryland Vehicle Law defines as "any vehicle that . . . *[i]s of a type required to be registered*" under Maryland law, TR § 11-124 (emphasis added). As already noted above, side-by-side utility vehicles are not required to be registered under Maryland law. Indeed, with the possible exception of those that qualify as "farm area motor vehicles," there is no way to register side-by-side utility vehicles under Maryland law. Side-by-side utility vehicles used for recreation cannot be registered in Maryland and, thus, would not qualify for the exemption for foreign vehicles in § 13-402.1(a) of the Transportation Article.

In our opinion, then, West Virginia residents who bring side-by-side utility vehicles into Maryland are subject to the same restrictions as Maryland residents. They may not drive them on any highway in the State except for those designated in Allegany and Garrett Counties, subject to the limited conditions set forth in § 25-102(a)(14)(iii) of the Transportation Article and the laws of Allegany and Garrett Counties.

### III
### Conclusion

For the reasons explained above, it is our opinion that the statewide provisions of the Maryland Vehicle Law do not authorize the use of side-by-side utility vehicles on Maryland roads. But lawmakers in Allegany and Garrett Counties, under an express grant of authority from the General Assembly, have enacted local laws that permit these vehicles on roads in those counties, subject

---

[19] This exception applies only if the vehicle is not: "(i) [u]sed for transporting persons for hire, compensation, or profit; (ii) [r]egularly operated in carrying on business in this State; (iii) [d]esigned, used, or maintained primarily for the transportation of property; or (iv) [i]n the custody of any resident for more than 30 days during any registration year." TR § 13-402.1(a)(2).

to certain conditions. Although West Virginia more broadly authorizes road use of side-by-side utility vehicles in that state, West Virginia residents who bring those vehicles into Maryland are subject to the same limitations as Maryland operators of side-by-side utility vehicles—that is, they are allowed to drive these vehicles only on designated county roads in Allegany and Garrett Counties, under the conditions set forth in § 25-102(a)(14)(iii) of the Transportation Article and the laws of Allegany and Garrett Counties.

                                Anthony G. Brown
                                Attorney General of Maryland

                                Rachel A. Simmonsen
                                Assistant Attorney General

Patrick B. Hughes
Chief Counsel, Opinions and Advice